IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN SHAUMBE LONG,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]

    Defendant.

Civil Case No. JKB-17-3312

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Nathan Shaumbe Long filed this action *pro se* under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of his claims for benefits by the Social Security Administration ("SSA"). [ECF No. 1]. The SSA has filed a motion to dismiss on the basis that this Court lacks subject matter jurisdiction over Mr. Long's claims. [ECF No. 14]. I have reviewed the SSA's motion and Mr. Long's objection to the motion. [ECF No. 16]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the SSA's motion to dismiss be granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony."). In considering this motion, I have considered the declaration filed by Nancy Chung, the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review at SSA, and its supporting documentation. [ECF No. 14-2].

A plaintiff carries the burden of establishing subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942)). However, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Eeeke*, 574 F.2d 1147, 1151 (4th Cir. 1987). *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

In this case, the record reflects that Mr. Long filed for Child Disability Benefits on January 3, 2011, and his claim was denied at the initial level on April 28, 2011. [ECF 14-2 ¶ 3a]. Mr. Long did not appeal. *Id.* Mr. Long then filed for Supplemental Security Income benefits on August 22, 2012, and that second claim was denied at the initial level on February 27, 2013.

[ECF No. 14-2 ¶ 3b]. Again, Mr. Long did not appeal. *Id.* More than four years after the later denial, in November of 2017, Mr. Long filed the instant appeal in this Court. [ECF No. 1].

The Federal Government and its agencies, including the SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act ("the Act"), federal district courts have the authority to review decisions of the Commissioner of the SSA pursuant to 42 U.S.C. 405(g). The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by Section 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). SSA regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 404.900(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 404.900(a)(1)-(4). Once a claimant has completed that process, and a "final decision" has been issued, the claimant may seek judicial review in federal court. *Id.* § 404.900(a)(5).

Here, Mr. Long did not seek reconsideration of his initial denials, or hearings before an Administrative Law Judge, or Appeals Council review of his claims. Mr. Long's objection to the SSA's motion to dismiss does not address this procedural hurdle to adjudication, and instead focuses on the medical evidence and the possible merits of his underlying claim for disability.

3

[ECF No. 16]. However, because Mr. Long did not complete the last three steps of the administrative process for either his 2011 or 2012 claims, this Court lacks jurisdiction and is precluded from considering the merits of his appeal. For the foregoing reasons, I recommend that the SSA's Motion to Dismiss, [ECF No. 14], be granted. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 30, 2018                               /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge